IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN A. CLUER                                                                         PLAINTIFF

      v.                        Civil No. 3:13-cv-3094

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Cluer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act ("Act"). The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 7).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.     Background:**

Plaintiff protectively filed his application for SSI on February 15, 2011, alleging an onset date of February 15, 2010, due to "low blood pressure; heart problems; extreme pain in neck and both shoulders; dizziness; and arthritis." (Tr. 80, 202, 216). Plaintiff's application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

and on reconsideration.  An administrative hearing was held on December 19, 2012, at which Plaintiff appeared with counsel and testified.  (Tr. 97-129).  A vocational expert ("VE") was also present and testified.  (Tr. 104-105).

On April 5, 2013, the Administrative Law Judge ("ALJ") entered an unfavorable decision. (Tr. 80-89).  In this decision, the ALJ determined Plaintiff had the following severe impairments: "residual pain from left shoulder injury, neck pain, and alcoholism."  (Tr. 82, Finding 3).  After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing.  (Tr. 82-84, Finding 3).

The ALJ next evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 84-88).  The ALJ first evaluated Plaintiff's subjective complaints and found he was not entirely credible. (Tr. 80-85).  The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 416.967(c).  (T. 84, Finding 4).  The ALJ also determined Plaintiff could perform his past relevant work ("PRW") as a carpenter.  (Tr. 88-89, Finding 5).  The ALJ then concluded Plaintiff was not disabled.  (Tr. 89, Finding 6).

On May 14, 2013, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision, which denied the request on August 19, 2012. (Tr. 1-6).  On October 15, 2013, Plaintiff filed the present appeal.  (ECF No. 1).  The Parties consented to the jurisdiction of this Court on March 11, 2014.  (ECF No. 5).  Both Parties have filed appeal briefs, and the case is ready for decision.  (ECF Nos. 10, 11).

II. **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f)*; Cox*, 160 F.3d at 1206. The fact finder only considers Plaintiff's age, education, and work experience in light of his RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**III.     Discussion**:

Plaintiff argues on appeal the ALJ failed to (1) adequately develop the record, (2) determine Plaintiff had a severe mental impairment at Step Two, and (3) evaluate whether Plaintiff's alcohol abuse was a contributing factor in the disability determination.  (ECF No. 12 at 13-19).

The record shows Plaintiff suffered from a combination of syncope episodes, hyperthyroidism, alcohol abuse, anxiety, depression, back problems, and shoulder problems.  (Tr. 272-282436-437, 457, 541-543, 558-559, 577-579).  The ALJ determined Plaintiff's severe impairments were shoulder pain, neck pain, and alcoholism, and found Plaintiff could perform medium work.  (Tr. 82-84, Findings 3 and 4).

The ALJ did not adequately develop a record of Plaintiff's neck and shoulder problems, instead, the ALJ based his decision on the State non-examining consultants's opinions, without fully addressing the limitations they recommended.  The ALJ then concluded Plaintiff could perform his PRW as a carpenter, which is at odds with State consultants's opinion Plaintiff should not work with machinery.

The record shows  Plaintiff saw Dr. Thomas Embry, on March 14, 2011, for a shoulder and neck examination. (Tr. 574-576).  Dr. Embry noted Plaintiff had a decreased range of motion in his shoulders, especially on external rotation, but was able to extend his arms over his head.  (Tr. 574). X-rays of Plaintiff's spine and shoulder revealed a chronic right shoulder injury characterized by Dr. Greg Baden, who reviewed the films, as an "acromioclavicular joint separation appear[ing] to be chronic with overlap," and moderate degenerative disc disease.  (Tr. 574-576, 581-582).  At a follow-up visit, Dr. Embry confirmed Plaintiff's moderate disc disease and chronic shoulder

separation. (Tr. 577).

In April 2011, Dr. Jonathan Norcross, a State non-examining physician, submitted a physical RFC assessment and opined Plaintiff could lift twenty-five pounds frequently and fifty pounds occasionally; had an unlimited ability to push and pull; and had an RFC of medium "with environmental limits to hazards" such as machinery and heights because of "PVCs/ectopy/syncopy." (Tr. 589-595). Dr. Judith Forte affirmed Dr. Norcross's opinion on August 22, 2011. (Tr. 611).

At the administrative hearing, Plaintiff discussed his shoulder pain and explained he was injured by a scaffolding accident while working as a dry-wall installer. (Tr. 103-104). Plaintiff also testified his employer accommodated his limitations after the injury by allowing him to do "smaller stuff [like] spot nail" and be a "gopher," which allowed him to avoid scaffolding work, ceiling work, or heavy lifting. (Tr. 105-106). During the hearing, the VE also testified:

> I think the best classification for this in the DOT is carpenter ... it's classified as medium skilled work. The SVP:7. We didn't talk about how it was performed. I would suspect it was performed at heavy, though, and that is typically what I hear carpenters testify to.

(Tr. 104). The VE was not asked whether Plaintiff could perform his PRW as a carpenter. The only analysis given to Plaintiff's PRW in the written decision was the following statement:

> The vocational expert testified that the claimant's past relevant work as a carpenter, DOT No. 860.381-022, is classified as medium skilled work with an SVP of 7, but performed at the heavy level by the claimant. The claimant worked as a carpenter long enough to be skilled at the job, and his earnings reached the level of substantial gainful activity. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds the claimant is able to perform it as generally performed at the medium level of exertion.

(Tr. 88).

The ALJ's decision was seemingly based on the State consultants's RFC assessments, since no other medical opinions appeared in the record and the ALJ indicated he concurred with the

opinions of the State's medical consultants. (Tr. 88). The ALJ, however, did not address the State consultants's recommendation Plaintiff should avoid hazards such as machinery and heights, a critical omission since these hazards would exist where carpenters work. The DOT, for instance, indicates carpenters routinely use power and welding tools.

The ALJ also dismissed Plaintiff's shoulder injury by saying the "x-rays of the left shoulder were negative except for an old AC joint separation with deformity," and did not discuss evidence indicating Plaintiff had moderate degeneration in his spine. (Tr. 87). These conditions potentially impacted his RFC. The conditions should have been further developed by either contacting Dr. Embry or ordering a consultative physical examination, and then addressing these conditions in detail in the written decision. *See* 20 C.F.R. § 404.1512(e)-(f); *Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984).

The opinion of a consulting physician, who did not examine a Plaintiff, generally does not constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Given the absence of a treating physician's opinion in this case or a consultative examination, and the ALJ's failure to address several pieces of critical evidence, the ALJ's RFC determination was not based on substantial evidence.

The ALJ's conclusion Plaintiff could perform his past relevant work as a carpenter without the benefit of VE testimony and without making explicit findings regarding Plaintiff's previous position. At Step Four, the ALJ must review a claimant's RFC and the physical and mental demands of a claimant's past work. *See* 20 C.F.R. § 404.1520(e) (1990). After a full investigation, the ALJ should then make explicit findings on the demands of a claimant's past relevant work and compare those demands with the claimant's RFC. *See Nimick v. Secretary of Health & Human Servs.*, 887

F.2d 864, 866 (8th Cir. 1989). These findings require evidence of the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id*., n.2 (quoting S.S.R. No. 82-61).

The ALJ did not consult the VE other than to classify Plaintiff's PRW. As a result, there was no VE testimony on whether Plaintiff could perform the carpenter job. The VE's testimony only indicated Plaintiff's previous job was performed at the heavy exertional level, which exceeded an RFC of medium and ruled out Plaintiff's ability to perform his actual past job.

The lack of VE testimony is especially troubling since there are indications Plaintiff had non-exertional limitations of dizziness/syncope and alcoholism, the State consultants opined he should avoid machinery and heights, and his past employer allowed him significant accommodations. These points of conflict were not addressed or explained by the ALJ, and could have been resolved by developing the VE's testimony. The ALJ's statement Plaintiff could perform his PRW as a carpenter was conclusory and failed to fully consider whether he could perform his PRW, in light of his RFC, either as it was actually performed or as it is usually performed in the national economy. *See Kirby v. Sullivan,* 923 F.2d 1323, 1327 (8th Cir. 1991).

On remand, the ALJ is instructed to obtain a Medical Source Statement from Plaintiff's treating physicians or, in the alternative, order a consultative physical examination. Once the record is adequately developed, the ALJ should investigate and make explicit findings regarding the demands of Plaintiff's PRW, including appropriate input from a VE, and compare that with what Plaintiff is capable of doing before making a finding at Step Four.

**IV.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated this 19th day of March, 2015.**

>	/s/   Barry A. Bryant
>	HON. BARRY A. BRYANT
>	U.S. MAGISTRATE JUDGE